**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | Case No. 20I-01948 |
| | : | |
| v. | : | |
| | : | |
| RANDY WARNER, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Submitted: February 24, 2025[1]
Decision: February 27, 2025

## <u>ORDER UPON APPEAL OF COMMISSIONERS' ORDERS</u>

Randy Warner[2] ("Respondent") filed a series of pro se letters appealing this Court's Commissioners' Orders entered November 6, 2024[3] and February 12, 2025 ("Commissioners' Orders") in ongoing involuntary commitment proceedings conducted pursuant to 16 *Del. C.* Chapter 50. For

---

[1] This appeal considers claims raised in Respondent's letters to this Court of November 6, 2024, November 7, 2024, November 8, 2024, January 21, 2025, January 31, 2025, February 3, 2025, February 5, 2025, February 6, 2025, February 10, 2025, February 12, 2025, February 17, 2025, and February 24, 2025.

[2] This name has been assigned to Respondent due to the confidentiality of these proceedings.

[3] The November 6, 2024 Order became moot when it expired; however, because Respondent sought consolidation of his appeals and both appeals raise the same legal issues, they are discussed herein.

the reasons set forth herein, Respondent's appeals are denied and the Commissioner's Orders are **AFFIRMED**.

## RELEVANT FACTS AND PROCEDURAL HISTORY

When a patient meets the criteria for an involuntary psychiatric commitment,[4] the court enters an order which cannot exceed 3 months in duration ("90-day commitment order").[5] Upon expiration of the 90-day commitment order, the court must convene a subsequent hearing, every 3 months, to review whether "continued involuntary inpatient treatment is necessary"[6] and, if warranted, issue another 90-day commitment order.

---

[4] Those criteria under16 *Del. C.* § 5011(a) are:

> (1) The individual is a person with a mental condition;
> (2) Based upon manifest indications, the individual is:
>     a. Dangerous to self; or
>     b. Dangerous to others;
> (3) All less restrictive alternatives have been considered and determined to be clinically inappropriate at the time of the hearing; and
> (4) The individual has declined voluntarily inpatient treatment, or lacks the capacity to knowingly and voluntarily consent to inpatient treatment. When evaluating capacity, the court shall consider an individual's ability to understand the significant consequences, benefits, risks, and alternatives that result from the individual's decision to voluntarily request or decline inpatient treatment.

[5] 16 *Del. C.* § 5011(c).

[6] 16 *Del. C.* § 5011(d).

Respondent has an extensive history of civil involuntary psychiatric commitments.[7] During a February 22, 2024 involuntary commitment hearing, the Commissioner denied Respondent's request for an independent psychiatric examination, at the State's expense, reasoning:

> [T]here have been 29 previous [90-day commitment] orders where doctors testified. Only two doctors…were not adamant that [Respondent] did not have an illness with psychosis as an element. All the other doctors consistently diagnosed him with a mental illness where psychosis was exhibited.[8]

Respondent does not acknowledge his psychiatric diagnoses[9] or concomitant symptoms and actions that make him a danger to himself and others. Respondent refuses medications while inpatient[10] and has not been compliant with his outpatient treatment.[11]

Respondent now appeals the Commissioners' Orders of November 6, 2024 and February 12, 2025 on two discrete issues. First, Respondent argues the Commissioners erred by denying his request for an independent

---

[7] *See State v. Randy Warner*, C.A. No. 20I-01948 (Del. Super. June 18, 2024)(Denying appeal).

[8] *Warner*, C.A. No. 20I-01948 at 14 (cleaned up).

[9] *Id.*at 14, 17-18.

[10] *Id.*at 18.

[11] *Id.*at 17-18.

psychiatric examination.[12] Second, Respondent argues the Commissioners failed to grant his requests for court-appointed counsel of his own choosing.[13]

## STANDARD OF REVIEW

The standard applicable this Court's review of Commissioners' Orders in involuntary psychiatric commitment proceedings is well-articulated in *State v. Randy Warner*:[14]

> Superior Court Civil Rule 132(a)(4) provides [its] commissioner the power to conduct case-dispositive hearings including, among other things, mental hearings pursuant to …16 *Del. C.* ch. 50.[15] Upon review of a case-dispositive determination, the Court shall make a "de novo determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[16]

The remainder of Rule 132(a)(4)(iv) of the Superior Court Civil Rules ("Rules") permits this Court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner, receive

---

[12] *See* Respondent's Letters dated November 6, 2024 and February 12, 2025.

[13] *See* Respondent's Letter dated November 7, 2024.

[14] *Warner*, C.A. No. 20I-01948 at *1-2 (quoting *Smith v. State*, 2019 WL 3231201 (Del. Super. July 17, 2019)).

[15] Super. Ct. Civ. R. 132(a)(4), (4)(iv).

[16] *Warner*, C.A. No. 20I-01948 at *1-2.

4

further evidence, or recommit the matter to the Commissioner with instructions." [17] Respondent's due process claims are questions of law, so the Court reviewed the Commissioners' Orders *de novo*.

## DISCUSSION

### I. The Commissioners Did Not Err by Denying Respondent's Requests for Independent Reviews.

Respondent argues the Commissioners erred by refusing his request to court-appoint Dr. Jose Caprio to perform an independent psychiatric review because 16 *Del. C.* §5007(3) does not limit the number of independent reviews.[18] Respondent further claims Dr. Caprio, an employee of the Delaware Psychiatric Center, could perform the review at no charge.[19]

16 *Del. C.* §5007 states that an independent psychiatric review is a procedural right; however, the statute does not specify the number of independent reviews to which an indigent patient is entitled:

> When a designated treatment facility, hospital or outpatient treatment provider seeks to require an individual to be involuntarily hospitalized pursuant to … an involuntary inpatient commitment hearing … without the individual's consent, the individual shall be entitled:
>
> . . .

---

[17] Rule 132(a)(4)(iv) (cleaned up).

[18] *See* Respondent's letter to the Court, dated November 12, 2024, at *2.

[19] Whether Dr. Caprio is willing to perform the exam free of charge is disputed.

(3) To be represented by counsel at all judicial proceedings, such counsel to be court-appointed if the individual cannot afford to retain counsel; and to be *examined by an independent psychiatrist or other qualified medical expert* and to have such psychiatrist or other expert testify as a witness on the individual's behalf, such witness to be court appointed if the involuntary patient cannot afford to retain such witness.[20]

Although the statute is silent, Respondent has repeatedly raised (and this Court has decided) the issue of whether Section 5007(3) entitles Respondent to *multiple* independent reviews at the State's expense.[21] As summarized in this Court's June 18, 2024 Order[22] denying Respondent's 2024 appeal this Court held:

> The file shows that Respondent constantly demands that a person other than the treating psychiatrist examine him. The statute allows for an independent examination. *Respondent was granted such twice.* The statute does not require an examination for each hearing or every time Respondent requests it. It just allows for an independent examination of Respondent and Respondent received an independent examination. He has had his independent examination as statutorily required and he is not entitled to another.[23]

---

[20] 16 Del. C. §5007(3).

[21] Respondent is at liberty to secure an independent psychiatric review at his own cost.

[22] *See Warner*, C.A. No. 20I-01948, at 25-26 (emphasis added).

[23] *Id.*at 26. *See also State v. Randy Warner*, 2023 WL 129688 (Del. Super.)(denying appeal based on Commissioner's failure to order independent psychiatric review).

Consistent with this Court's prior holdings, there is nothing new here that establishes the Commissioners erred by denying Respondent's requests for a additional independent reviews during either the November 6, 2024 or February 12, 2025 hearings. To the contrary, the Commissioners followed precedent established by this Court.

## II. The Commissioners Did Not Err by Denying Respondent's Request for New Court-Appointed Counsel.

Respondent argues the Commissioners erred by refusing his request to provide his choice of court-appointed counsel. According to Respondent, he is entitled to new counsel because he is dissatisfied with his current court-appointed counsel.[24] Respondent is mistaken.

16 *Del. C.* §5007(3) provides involuntarily committed patients the procedural right to "be represented by counsel at all judicial proceedings [and] such counsel [shall] be court-appointed if the individual cannot afford to retain counsel."[25] The procedural right to counsel, however, does not

---

[24] *See* Respondent's Letters dated November 7, 2024 (claiming "[counsel says] Dr. Caprio is unwilling to conduct an independent review" and "is manipulating and refusing to file my appeal"); dated January 21, 2025 (claiming "[counsel] has manipulated Dr. Caprio's statements to suit her own agenda [a]nd has been unethical"); dated February 5, 2025 (asking to "fire" different court-appointed counsel because he will not represent him on appeal and for new court-appointed counsel); dated February 6, 2025 (same).

[25] 16 Del. C. §5007(3).

equate to counsel of Respondent's choice, nor does it mandate a court grant his request for different court-appointed counsel.[26]

Consistent with Section 5007(3), Respondent was provided with legal counsel at his 90-day commitment proceedings. That is all that is required. Accordingly, this Court finds no error in the Commissioner's denial of Respondent's request for different court-appointed counsel.

## III. The Court Declined to Appoint Counsel to Represent Respondent in Appeals of a Legal Issue Already Decided by this Court.

Respondent requested the Court appoint counsel to represent him in the appeals *sub judice.* In support, Respondent cited 16 *Del. C.* §5007(3) stating, a mental health patient *shall* be "represented by counsel at *all judicial proceedings*. . . to be court-appointed if the individual cannot afford to retain counsel."[27]  In what appears to be an issue of first impression, this Court holds 16 *Del. C.* §5007(3) should not be interpreted to confer an absolute right to court-appointed counsel in every appeal of a 90-day involuntary commitment proceeding.

---

[26] *Bradley v. State*, 135 A.3d 748, 758 (Del. 2016)(citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (1988)(the right to choice of counsel does not extend to defendants who require appointed counsel, and trial courts have wide latitude in balancing the right to choice of counsel against needs of fairness and the demands of their calendar) and *Bultron v. State,* 897 A.2d 758, 763 (Del. 2006)(no constitutional violation found where trial court refused to grant defendant's request for different court-appointed counsel for post-trial proceedings and appeal based defendant's dissatisfaction with his court-appointed counsel)).

[27] 16 *Del. C.* §5007(3)(emphasis added).

8

16 *Del. C.* §5014(a), titled "*Appeal; habeas corpus; rules of procedure*," provides involuntarily committed patients the right to appeal an order of disposition issued by a Commissioner to a Superior Court Judge. The statute is silent on the issue of whether a patient is entitled to court-appointed counsel on an appeal, but an appeal is a judicial proceeding. And, as a matter of custom and practice, this Court regularly appoints counsel for indigent patients for appeals from Commissioner's Orders. That, however, does not resolve the matter of whether this Court *must* or *should* appoint counsel where the appeal presents a legal issue identical to one previously raised by the same party and decided by this Court against him—as here.

Respondent previously appealed prior Commissioners' Orders denying him additional independent psychiatric reviews.[28] In those appeals, Respondent had ample opportunity to advocate his position, with the assistance of court-appointed counsel. This Court held, "[Respondent] has had his independent examination as statutorily required and he is not entitled to another."[29] Respondent now seeks to make the identical argument on appeal and demands new court-appointed counsel to do so.

---

[28] *See* Section I, *supra.*

[29] *Id.* at 26. *See also State v. Randy Warner*, 2023 WL 129688 (Del. Super.)(denying appeal based on Commissioner's failure to order independent psychiatric review).

For guidance on whether it must appoint counsel, this Court looked to §5014(b), which addresses habeas corpus proceedings related to involuntary psychiatric commitments. Section 5014(b) states: "after any order of disposition becomes final, the involuntary patient shall be entitled to petition the court for a writ of habeas corpus for release on the grounds . . . the proceeding which led to the patient's commitment was illegal—*provided that that issue has not been previously determined*."[30] Applying the same logic to the instant case,[31] and notwithstanding that each 90-day order is a separate final judgment,[32] this Court declined Respondent court-ordered counsel for an appeal of an identical legal issue, when Respondent, represented by counsel, already had a full opportunity to present all of the facts and law relevant that issue in his 2023 and 2024 appeals. Respondent may continue to file his appeals pro se, but this Court cannot continue to allocate already scant resources to assist an indigent client to relitigate a matter already decided by this Court.

---

[30] 16 *Del. C.* §5014(b)(emphasis added).

[31] *See also Gannet Co., Inc. v. Kanaga*, 750 A.2d 1174, 1181 (Del. 2000)(applying the "law of the case doctrine," established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation, to an appeal).

[32] *Radulski for Taylor v. Delaware State Hosp. et al.*, 541 A.2d 562, 555-56 (Del. 1988).

**CONCLUSION**

For the foregoing reasons, this Court's Commissioners' Orders

entered November 6, 2024 and February 12, 2025 are **AFFIRMED**.

**IT IS SO ORDERED**.

_____
The Honorable Kathleen M. Vavala

cc.     Prothonotary
        Respondent

11